FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAYLEE PLOTT McDONALD,

Defendant - Appellant.

No. 22-4051
(D.C. No. 2:21-CR-00384-DS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BRISCOE**, and **MORITZ**, Circuit Judges.
_____

Pursuant to a plea agreement, Haylee Plott McDonald pleaded guilty to being a

felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

She was sentenced to 37 months' imprisonment.  Ms. McDonald has filed an appeal

despite the fact that her plea agreement contains a waiver of the right to appeal.  The

government has moved to enforce the appeal waiver.  *See United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed

appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the motion, Ms. McDonald, through counsel, has not disputed any of these factors. She concedes that the appeal falls within the scope of the appeal waiver, that she entered into the plea agreement knowingly and voluntarily, and that enforcement of the appeal waiver would not result in a miscarriage of justice.

Our independent review confirms that Ms. McDonald's appeal waiver is enforceable. She has identified no issues she wishes to raise on appeal that fall outside the scope of the appeal waiver. The plea agreement clearly sets forth the appeal waiver and states that Ms. McDonald agreed to it knowingly and voluntarily, and the district court confirmed Ms. McDonald's understanding of the plea agreement during the change of plea hearing. Moreover, we see no evidence contradicting Ms. McDonald's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam